**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Patricia Hull, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Optio Solutions, LLC, a Delaware limited ) liability company, d/b/a Qualia Collection ) Services, ) ) Defendant. ) | No.   1:17-cv-2470 Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Patricia Hull, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Patricia Hull ("Hull"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which was allegedly for a credit card.

4.      Defendant, Optio Solutions, LLC, d/b/a Qualia Collection Services ("Qualia"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Qualia operates a regional debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana.  In fact, Defendant Qualia was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Qualia is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, <u>see</u>, record from the Indiana Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Qualia conducts business in Indiana.

6.      Moreover, Defendant Qualia is a registered collection agency in the State of Indiana as a collection agency, <u>see</u>, record from the Indiana Secretary of State, attached as Exhibit <u>B</u>.  In fact, Defendant Qualia acts as a collection agency from Indiana.

**FACTUAL ALLEGATIONS**

7.      Defendant Qualia sent Ms. Hull an initial form collection letter, dated November 8, 2016, which stated that the "Original Creditor" was "Capital One N.A.", but that the "Current Creditor" was "Kohl's Dept. Stores Inc."  In fact, Kohl's was never the creditor to whom the debt was owed.  A copy of Defendant's letter is attached as Exhibit <u>C</u>.

8.      The identity of a consumer's current creditor is a critical piece of

information, and the false identification of the creditor in a dunning letter would be likely to mislead a consumer in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 321-324 (7th Cir. 2016); and Tourgeman v. Collins Financial Services, 755 F.3d 1109, 1121 (9th Cir. 2014).

9. Defendant's collection actions complained of herein (Exhibit C) occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

13. Making a false statement of the name of the current creditor is a materially misleading statement, which violates § 1692e of the FDCPA, see, Tourgeman, 755 F.3d at 1122. By stating that Kohl's was the current creditor, in the November 8, 2016 initial collection letter (Exhibit C) when, in fact, it was not, Defendant's letter violated § 1692e of the FDCPA.

14. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide Ms. Hull with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

17. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the name of the creditor to whom the debt was owed.  See, Janetos, 825 F.3rd at 321-322; see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); and Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

18. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-10.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

4

21. Defendant, by falsely stating that Kohl's was the current creditor, in the November 8, 2016 initial collection letter (Exhibit C) when, in fact, it was not, violated § 1692f of the FDCPA.

22. Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23. Plaintiff, Patricia Hull, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One/Kohl's, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24. Defendant Qualia regularly engages in debt collection, using the same form collection letter they sent Plaintiff Hull, in their attempts to collect delinquent consumer debts from other consumers.

25. The Class consists of more than 40 persons from whom Defendant Qualia attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Hull.

26. Plaintiff Hull's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28. Plaintiff Hull will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Hull has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Patricia Hull, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Hull as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Hull and the Class, and against

Defendant Qualia, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Patricia Hull, individually and on behalf of all others similarly situated, demands trial by jury.

Patricia Hull, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  July 21, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

 John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com